IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHAD CONUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 11-CV-2149 JAR/KGG |
| | ) |
| WATSON'S OF KANSAS CITY, INC., | ) WITH JURY DEMAND |
| d/b/a FAMILY LEISURE, | ) |
| a Foreign Corporation, | ) |
| (Serve: | ) |
|   National Registered Agents, Inc. of KS | ) |
|   2101 SW 21st Street | ) |
|   Topeka, Kansas  66604), | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Chad Conus (Plaintiff) states the following as his causes of action against Defendant Watson's of Kansas City, Inc., d/b/a Family Leisure (Defendant).

## JURISDICTION AND VENUE

1. Plaintiff is a male and resides in Franklin County, Ottawa, Kansas.

2. Defendant is a foreign corporation out of Missouri registered to conduct business in the State of Kansas with its principle place of business in Olathe, Johnson County, Kansas.

3. Venue is proper because Plaintiff was employed with Defendant in Johnson County, Kansas and the acts underlying these claims occurred in Johnson County, Kansas in the District of Kansas.

4. Plaintiff asserts these claims pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.* and Kansas common law.

5. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Defendant employed Plaintiff from approximately November 2005 until Plaintiff's termination on April 15, 2010.

7. At the time of his termination, Plaintiff was employed with Defendant as a Salesperson and was paid a monthly draw against commission.

8. During Plaintiff's employment with Defendant, Plaintiff was one of Defendant's top sales people and set a number of sales records for Defendant, including the record for the highest single day sales, the highest 3-day Memorial day weekend sales, the highest monthly sales and the highest yearly sales.

9. On or about the middle of March, 2010, Dennis White (White), Defendant's owner, held a meeting with Plaintiff to inform Plaintiff he allegedly owed Defendant advances/draws totaling $1,821.00. Defendant further informed Plaintiff that he would not receive any further advances/draws for the months of March and April in order to repay these advances/draws.

10. During the meeting, White informed Plaintiff that the other sales employees also owed Defendant advances/draws because of their low sales numbers. White specifically mentioned that one salesman owed Defendant approximately $3,000 in advances/draw.

11. Defendant outlined these changes to Plaintiff's pay schedule in writing and requested that Plaintiff sign the letter. Plaintiff did not sign the letter.

12. After the meeting with White, in or around the end of March 2010, Plaintiff contacted the Kansas Department of Labor and the United States Department of Labor to report wage and hour violations concerning the manner in which Defendant paid Plaintiff and other sales employees of Defendant.

13. Plaintiff informed a number of Defendant's employees of his pay complaints to the Department of Labor prior to his termination.

14. On April 15, 2010, White informed Plaintiff he was being fired for his alleged low sales numbers. Plaintiff reminded White that his sales numbers were increasing and that his sales for the past weekend had reached approximately $30,000. White responded by stating that Plaintiff's problem was "his conversation with other employees."

## COUNT I - WRONGFUL TERMINATION

15. Plaintiff hereby incorporates those allegations contained in paragraphs 1-14 into Count I of his Complaint.

16. Defendant engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare and/or Plaintiff had a good faith belief that Defendant engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare.

17. Defendant had knowledge of Plaintiff's reporting of such violation prior to the discharge of Plaintiff.

18. Plaintiff was discharged in retaliation for making the report.

19. As a direct result of Defendant's discriminatory actions alleged herein, Plaintiff suffered and will continue to suffer emotional distress, humiliation, embarrassment, loss of the enjoyment of life, pain and suffering, and loss of pay and benefits, both past and future.

20. Defendant's conduct was willful, malicious and in conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

21. Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter and such other legal and equitable relief that the Court deems just and proper.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for actual damages, compensatory damages, punitive damages, front pay, reinstatement, attorneys' fees, costs, and such other legal and equitable relief that the Court deems just and proper.

**COUNT II - RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

22. Plaintiff hereby incorporates the allegations contained in paragraphs 1-21 into Count II of his Complaint.

23. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.A. § 203.

24. At all relevant times, Defendant had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars and 00/100).

25. Defendant discharged Plaintiff after Plaintiff filed a complaint with the Department of Labor and/or instituted or caused to be instituted a proceeding regarding a violation of the FLSA, in violation of 29 U.S.C. § 215(a)(3).

26. Plaintiff seeks damages in the amount of all respective unpaid straight time for unpaid hours worked and all unpaid overtime compensations for all hours worked in excess of forty hours per week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b).

27. Plaintiff also seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and

equitable relief that the Court deems just and proper.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for compensatory damages, including back pay and front pay or reinstatement and past and future lost benefits, liquidated damages, attorneys' fees, costs, for interest at the highest lawful rate, and such other legal and equitable relief that the Court deems just and proper.

## COUNT III - VIOLATION OF THE FAIR LABOR STANDARDS ACT

28. Plaintiff hereby incorporates the allegations contained in paragraphs 1-27 into Count III of his Complaint.

29. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees, such as Plaintiff, for all hours worked at an hourly rate of pay and to compensate all non-exempt employees, such as Plaintiff, at a rate of pay not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

30. Defendant failed to pay Plaintiff for all hours he worked, including not paying Plaintiff minimum wage and not paying Plaintiff for the overtime he worked in violation of the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. § 206(a) and 207(a)(1).

31. Plaintiff seeks damages in the amount of all respective unpaid straight time for unpaid hours worked and all unpaid overtime compensations for all hours worked in excess of forty hours per week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b).

32. Plaintiff also seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief that the Court deems just and proper.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages, including back pay and front pay or reinstatement and past and future lost benefits, liquidated damages, attorneys' fees, costs, for interest at the highest lawful rate, and such other legal and equitable relief that the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all counts.

## DESIGNATION FOR PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

**BRATCHER GOCKEL & KINGSTON, L.C.**

By   /s/Kristi L. Kingston
Kristi L. Kingston, Ks. Bar No.: 19126
Marie L. Gockel, Ks. Bar No.: 12591
Lynne Jaben Bratcher, Dist. of Ks. Bar No.: 70502
1935 City Center Square
1100 Main Street
P.O. Box 26156
Kansas City, MO  64196-6156
Ph:   (816) 221-1614
Fax: (816) 421-5910
E-Mail:  kristi@bgklawyers.com
marie@bgklawyers.com
lynne@bgklawyers.com

**ATTORNEYS FOR PLAINTIFF**