**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHAD CONUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 11-cv-2149-JAR/KGG |
| | ) |
| WATSON'S OF KANSAS CITY, INC., | ) |
| d/b/a/ FAMILY LEISURE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Count I of

Plaintiff's Petition (Doc. 5) under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This

case involves claims under the Fair Labor Standards Act ("FLSA") for violations of federal law

and a claim under Kansas common law for wrongful termination.  This motion is fully briefed,

and the Court is prepared to rule.  As explained more fully below, the Court grants defendant's

Motion to Dismiss Count I of Plaintiff's Petition because the remedy available under the FLSA

precludes relief under Kansas common law.

**I.      Legal Standard for Motion to Dismiss**

To survive a motion to dismiss, a complaint must present factual allegations, assumed to

be true, that "raise a right to relief above the speculative level" and must contain "enough facts to

state a claim to relief that is plausible on its face."[1]  Under this standard, "the mere metaphysical

possibility that some plaintiff could prove some set of facts in support of the pleaded claims is

insufficient; the complaint must give the court reason to believe that this plaintiff has a

---

[1]*Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

reasonable likelihood of mustering factual support for these claims."[2]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.[3]  As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]  Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

## II.    Factual Allegations

The following facts are alleged in plaintiff's Complaint and construed in the light most favorable to plaintiff.[6]  Defendant employed plaintiff from approximately November 2005 until April 15, 2010, as a salesperson at its company.  In March 2010, plaintiff contacted the Kansas Department of Labor and the United States Department of Labor to report wage and hour violations by defendant.  Plaintiff told other employees at defendant's company about his pay complaints.  On April 15, 2010, defendant's owner fired plaintiff.  The owner explained that he fired plaintiff for his low sales numbers, but when questioned further by plaintiff, the owner

---

[2]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247–48 (10th Cir. 2008).  "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[4]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 2009 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

[5]*Id*.

[6]Doc. 1.

stated that plaintiff's problem stemmed from his conversations with other employees.  Plaintiff

alleges that defendant acted wilfully and maliciously, discharging him in retaliation for his pay

complaints.

## III.   Discussion

Kansas is an at-will employment jurisdiction, meaning that absent an express or implied

contractual agreement an employer is free to terminate employment at will.[7]  The Kansas

Supreme Court, however, has recognized an exception to the at-will employment doctrine for

retaliatory discharge.[8]  This common law exception, based on public policy concerns, seeks to

discourage employers from firing employees who exercise their rights under labor‒management

regulation statutes.[9]  The application of the public policy exception, however, is unnecessary

when a plaintiff is already protected by a statutory remedy because the statutory remedy will

adequately address the state's public policy concerns.[10]  Thus, under the adequate alternative

remedy doctrine, if an adequate federal or state statutory remedy is available, the public policy

claim under Kansas common law is precluded.[11]  Therefore, to state a plausible claim for

retaliatory discharge under Kansas common law, a plaintiff must not only present factual

allegations showing conduct that violates public policy, but the plaintiff also must have no

---

[7]*Flenker v. Willamette Indus., Inc.*, 967 P.2d 295, 298 (Kan. 1998) (citing *Johnston v. Farmers Alliance Mutual Ins. Co.*, 545 P.2d 312 (Kan. 1976)).

[8]*Id.*

[9]*Id.* (citing *Palmer v. Brown*, 752 P.2d 685 (Kan. 1988)); *Scott v. Topeka Performing Arts Ctr, Inc.*, 69 F. Supp. 2d 1325, 1328 (D. Kan. 1999) (quoting *Brown v. United Methodist Homes for the Aged*, 815 P.2d 72 (Kan. 1991)).

[10]*See Conner v. Schnuck Mkts, Inc.*, 906 F. Supp. 606, 615 (D. Kan. 1995) (citing *Polson v. Davis*, 895 F.2d 705, 709–10 (10th Cir. 1990)).

[11]*Id.*

adequate alternative remedy under federal or state statutory law.[12]

Here, defendant argues that the federal claim in Count II provides an adequate alternative remedy to the Kansas common law claim in Count I and thus asks the Court to dismiss Count I. In Count I, plaintiff seeks relief under Kansas common law for wrongful termination, and in Count II, he seeks relief under the FLSA for retaliatory discharge.  Plaintiff relies on essentially the same factual allegations to form the basis of both claims, but plaintiff seeks emotional distress and punitive damages under the Kansas common law claim in Count I.  Plaintiff opposes defendant's motion to dismiss on two grounds: (1) plaintiff has pled two plausible alternative claims and need not elect only one at the pleading stage, and (2) the FLSA provides an inadequate remedy because it does not allow the same damages available under the Kansas common law claim.[13]

Overlooking the adequate alternative remedy doctrine asserted by defendant, plaintiff's first argument claims that the Court must not dismiss Count I because plaintiff is allowed to plead any plausible claim for relief at the pleading stage.  Thus, plaintiff argues, the Court should not force the plaintiff to elect between the two claims at this early stage but should allow him to pursue his claim for retaliatory discharge under both Kansas common law and the FLSA.  Under the alternative remedies doctrine, however, a plaintiff has no plausible claim under Kansas common law if an adequate remedy exists under federal law.  Therefore, if precluded, the Kansas common law claim is implausible at any stage of litigation.  Thus, the motion before the court

---

[12]*Id.*

[13]Plaintiff also argues that the FLSA does not preempt the state law claim.  This argument, however, is irrelevant because defendant's motion argues that the FLSA precludes recovery under state law, and not that the FLSA preempts state law.

turns not on the stage of the litigation but on plaintiff's second argument, that the FLSA offers an

inadequate remedy for plaintiff's wrongful termination claim.

The adequacy of the FLSA remedy for retaliatory discharge has already been examined

by both courts in this district and the Tenth Circuit.[14]  The Tenth Circuit held in *Conner v.*

*Schnuck Markets, Inc.* that the FLSA precludes a common law wrongful termination claim under

the alternative adequate remedy doctrine.[15]  The plaintiff challenged whether federal statutory

law could preclude the Kansas common law action, and the Tenth Circuit found that it could.[16]

*Conner*, however, did not discuss whether the FLSA provides the full remedy available under the

Kansas common law claim because the plaintiff in *Conner* conceded that issue.[17]

Since *Conner*, however, cases in this district have examined the ability of the FLSA to

provide a full remedy.[18]  These cases have relied on *Conner* to find the remedy in the FLSA an

adequate alternative to the remedy provided under Kansas common law.[19]  For example, in

*Whipkey v. Cencon L.L.C*, the court found that plaintiff's FLSA retaliation claim and the Kansas

common law retaliation claim were mirror images of each other.[20]  Further, the court stated that

the FLSA "allow[ed] for several remedies, including employment, reinstatement, payment of

---

[14]*Conner*, 906 F. Supp. 606, *aff'd*, 121 F.3d 1390 (10th Cir. 1997); *Scott v. Topeka Performing Arts Ctr, Inc.*, 69 F. Supp. 2d 1325 (D. Kan. 1999); *Whipkey v. Cencon L.L.C.*, No. 05-2281-CM, 2006 WL 2433859 (D. Kan. Aug. 21, 2006).

[15]*Conner*, 121 F.3d at 1399.

[16]*Id.*

[17]*See id.*

[18]*Scott*, 69 F. Supp. 2d 1325; *Whipkey*, 2006 WL 243385.

[19]*Scott*, 69 F. Supp. 2d at 1329; *Whipkey*, 2006 WL 243385, at *3.

[20]*Whipkey*, 2006 WL 243385, at *3.

wages lost, liquidated damages, attorney fees, and costs."[21]  As a result, *Whipkey* found the

remedies available under the FLSA adequate.[22]

The court in *Whipkey* did not, however, discuss the availability of punitive damages

under the FLSA.  Here, unlike in *Whipkey*, the plaintiff seeks emotional distress and punitive

damages.  So the Court's analysis here must consider how emotional distress and punitive

damages affect the adequacy determination.  As plaintiff notes, courts disagree about whether

punitive damages are available under FLSA.[23]  While the Tenth Circuit has not decided the issue,

two district courts within the Tenth Circuit have determine that punitive damages are

unavailable.[24]  For example, the Utah District Court has determined that while punitive damages

are unavailable, emotional distress damages are available under FLSA, allowing the plaintiff "to

recover compensatory damages for the full consequences of retaliation."[25]  But even if damages

for emotional distress are available, the unavailability of punitive damages under the FLSA

would make the damages under Kansas common law more comprehensive.  This difference in

damages, however, does not necessarily make the remedy available under the FLSA an

inadequate alternative to plaintiff's common law claim.  An adequate remedy can exist under

---

[21]*Id.* (citing 29 U.S.C. § 216(b)).

[22]*Id.*

[23]*Compare Snapp v. Unlimited Concepts*, *Inc.*, 208 F.3d 928, 933 (11th Cir. 2000) (holding punitive damages unavailable under FLSA), *Allen v. Garden City Co-Op, Inc.*, 651 F. Supp. 2d 1249 (D. Kan. 2009) (holding punitive damages unavailable under FLSA), *and Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224 (D. Utah 2002) (holding punitive damages unavailable under FLSA but stating that emotional distress damages may be available), *with Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108 (7th Cir. 1990) (holding punitive damages available under FLSA).

[24]*Allen*, 651 F. Supp. 2d at 1265; *Johnston*, 217 F. Supp 2d at 1232–33.

[25]*Johnston*, 217 F. Supp. 2d at 1233.

federal law even if the Kansas common law remedy may offer "more comprehensive relief."[26]

An *exact* alternative remedy is not required for preclusion, only an *adequate* alternative remedy.

The Kansas District Court has addressed the issue of whether less than comprehensive

damages could make a remedy inadequate in *Scott v. Topeka Performing Arts Center, Inc*.[27]  In

*Scott*, the plaintiff argued that the FLSA provided an inadequate remedy because it did not

"include all of the remedies available under her state-law claim, in particular, damages for loss

of reputation and emotional distress and punitive damages."[28]  The court declined to focus only

on whether the remedy under the FLSA was co-extensive with the remedy under Kansas

common law.[29]  Instead, to determine the adequacy of the remedy, the court focused whether the

alternative remedy offered adequate protection for the employee's state public policy right

against her employer.[30]  Because "[d]istrict courts have 'the historic power of equity to provide

complete relief in light of the [FLSA's] purposes,'" the court found that the FLSA remedies

adequately vindicated the state public policy claim.[31]

The Tenth Circuit has also stated that unavailability of punitive damages does not make a

federal remedy inadequate.[32]  In *Masters v. Daniel International Corp.*, the Tenth Circuit

decided that the Energy Reorganization Act ("ERA") precluded a Kansas common law

---

[26]*Polson v. Davis*, 635 F. Supp. 1130, 1150 (D. Kan. 1986), *aff'd*, 895 F.2d 705 (10th Cir. 1990).

[27]69 F. Supp. 2d 1325 (D. Kan. 1999).

[28]*Id.* at 1330.

[29]*Id.*

[30]*Id.*

[31]*Id.* at 1331.

[32]*See Masters v. Daniel Int'l Corp.*, 917 F.2d 455, 457 (10th Cir. 1990).

retaliatory claim despite the unavailability of punitive damages: "We find that the remedies

provided by the Act are sufficient to have satisfied [plaintiff's] claim despite the fact that

exemplary damages would not have been recoverable."[33]

Nevertheless, as plaintiff points out, the Kansas Supreme Court has recently made clear

that the lack of punitive damages can be a factor in determining adequacy.[34]  In *Hysten v.*

*Burlington Northern Santa Fe Railway Co.*, the Kansas Supreme Court examined whether the

Federal Employers' Liability Act ("FELA") provided an adequate alternative remedy to a

Kansas common law retaliation claim.[35]  The court noted that it "did not regard the unavailability

of compensatory damages for pain and suffering and punitive damages as trivial," and the court

stated that the differences in damages influenced its decision to find the remedy under FELA

inadequate.[36]  Still, the main focus of the opinion in *Hysten* surrounded the lack of process and

claimant control and not the unavailability of punitive damages.[37]

Further, *Hysten* relied on precedent created in *Flenker v. Williamette Industries, Inc.* in

making its adequacy determination.[38]  And in *Flenker*, while discussing the inadequacy of the

remedy under OSHA, the Kansas Supreme Court intimated that the FLSA provides adequate

relief when quoting another case: "'It is obvious from the language of the two statutes that

---

[33]*Id.* (explaining that exemplary damages are only available under the ERA "if a person fails to comply with an order issued by the Secretary of Labor" and that provision was not applicable).

[34]*Hysten v. Burlington N. Santa Fe Ry. Co.*, 108 P.3d 437, 445 (Kan. 2004).

[35]*Id.* at 444–45.

[36]*Id.* at 445.

[37]*See id.* a 444–45.

[38]*Id.* at 444.

although an employee may obtain any type of relief possible under the FLSA through the

employee's own actions, the relief available under OSHA is limited to what the Secretary of

Labor deems appropriate.'"[39]  Again, like in *Hysten*, the Kansas Supreme Court focused on the

employee's ability to control its own private action in federal court and not on the specific

damages available.[40]  Additionally, *Flenker* cited *Masters* in its opinion and explained that the

ERA provided an adequate alternative remedy to Kansas common law retaliatory discharge.[41]

The court took no issue with the fact that *Masters* found the remedy provided under the ERA

adequate despite the unavailability of punitive damages.[42]  Thus, *Flenker* implicitly approved a

finding of adequacy absent the availability of punitive damages.  Therefore, under Kansas

Supreme Court precedent, the lack of emotional distress and punitive damages alone does not

necessitate a finding of inadequacy.  Instead, an adequacy determination should focus on all

aspects of the alternative remedy, including the process available for relief and the litigants

ability to control its own private action in federal court.[43]

Relying on *Hysten* and *Flenker*, the Court determines that even if the FLSA does not

provide plaintiffs the opportunity to seek punitive damages, it still offers an adequate alternative

---

[39]*Flenker v. Williamette Indus., Inc.*, 967 P.2d 295, 301 (Kan. 1998) (quoting *Shawcross v. Pyro Prods., Inc.*, 916 S.W.2d 342 (Mo. Ct. App. 1995)).

[40]*Id.* at 299–302.

[41]*Id.* at 299 (citing *Masters v. Daniel Int'l Corp.*, 917 F.2d 455, 457 (10th Cir. 1990)).

[42]*See id.*

[43]The Kansas District Court has considered similar factors in determining the adequacy of other statutory remedies.  *See Daniels v. United Parcel Service, Inc.*, No. 09-2304-JAR, 2011 WL 2531099, *26 (D. Kan. June 24, 2011) ("'Characteristics of an adequate statutory remedy include ample filing time, limits on the discretion of an administrative official in awarding relief, and an opportunity for the employee to pursue relief after administrative remedies are exhausted.'" (quoting *Chapman v. Atchison Casting Corp.*, No. 99-2094-KHV, 2000 WL 1469315, at *2 (D. Kan. Sept 25, 2000))).

remedy to the Kansas common law claim for wrongful termination.  The FLSA provides

employees with the opportunity to bring a private action in federal court to vindicate their

retaliatory discharge claims.[44]  Additionally, an employer is "liable for such legal or equitable

relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [the FLSA],

including without limitation employment, reinstatement, promotion, and the payment of wages

lost and an additional equal amount as liquidated damages."[45]  The variety of damages offered

under the FLSA provides adequate relief to an aggrieved employee and alleviates the Kansas

public policy concerns surrounding wrongful termination.  Thus, the FLSA provides an adequate

alternative remedy and precludes the Kansas common law claim for wrongful termination.  As a

result, plaintiff can state no plausible claim for relief under Kansas common law, and Count I of

the plaintiff's claim must be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to

Dismiss Count I of the Plaintiff's Petition (Doc. 5) is GRANTED.

**IT IS FURTHER ORDERED** that Count I of plaintiff's Complaint be and hereby is

DISMISSED.

**IT IS SO ORDERED**.

Dated: September 16, 2011

                         S/ Julie A. Robinson
                         JULIE A. ROBINSON
                         UNITED STATES DISTRICT JUDGE

---

[44] 29 U.S.C. § 216(b).

[45] *Id.*